| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

ABDUL KARGBO,

                Plaintiff,

    – against –

STEPHEN FURNO,

                Defendant.

**MEMORANDUM & ORDER**

15-CV-7101 (ERK) (VMS)

KORMAN, *J.*:

    On December 14, 2015, plaintiff Abdul Kargbo ("Kargbo") filed a complaint asserting a claim under 42 U.S.C. § 1983 that Police Officer Stephen Furno ("Furno") had falsely arrested him in violation of his Fourth Amendment rights and seeking damages on that basis. Furno answered the complaint on February 4, 2016, and subsequently moved pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. Kargbo failed to respond to that motion.

## FACTS

    Kargbo alleges that, on June 25, 2015, shortly after midnight, he was working at a Hess Oil service station in Staten Island when he was "arrested" by Furno for having sold alcohol earlier that night to a person who was under the age of twenty-one. Compl. ¶¶ 6–7. Furno served Kargbo with a summons directing him to appear in Criminal Court on October 29, 2015. *Id.* ¶ 8. Kargbo recalls having sold a beer to only one person that night, a woman whom he purportedly knew to be over the age of twenty-one. *Id.* ¶ 9. When Kargbo appeared in court on October 29, 2015, the judge dismissed the charge against him because there was no factual allegation in the summons to establish the age of the purchaser. *Id.* ¶¶ 10, 12. Kargbo alleges that he was fired from his job because of the arrest and remained out of work for over a month. *Id.* ¶ 13.

1

**ANALYSIS**

I.   Standard of Review.

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013) (quoting *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006)). "To survive a Rule 12(c) motion, [a] 'complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plaintiff must thus plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

II.   False Arrest.

A Section 1983 claim requires that a plaintiff allege the deprivation of rights secured by the Constitution or laws. *See* 42 U.S.C. § 1983. "Section 1983 claims of deprivations of liberty related to criminal prosecutions implicate the Fourth Amendment right to be free of unreasonable seizure of the person." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010). A plaintiff alleging false arrest under Section 1983 must thus plead facts supporting the occurrence of "some deprivation of liberty consistent with the concept of 'seizure.'" *Id.* (quoting *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995)); *see also Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

In *Burg*, the Second Circuit held that "the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure." 591 F.3d at 98. The summons, which merely "operate[d] to effectuate due process," did "no more than require Burg to appear in court on a single occasion," *id.*, and, in the course of receiving the summons, "Burg was not handcuffed, removed from her home, restricted from leaving her property, or restricted from travel," *id.* at 96. Here, Kargbo was

charged with selling alcohol to an underage individual, a misdemeanor under New York law, *see* N.Y. Penal Law § 260.20(2), and was never arraigned. While he asserts that he was "arrested," he makes no factual allegations regarding an arrest or confinement of any sort. Moreover, the minimal factual assertions presented in the complaint strongly suggest that he was *not* arrested and that he simply received a criminal summons to appear in court on one occasion. Other than that solitary appearance, he faced no restraints on his liberty at the moment of ticketing or thereafter. The present case is thus controlled by *Burg*. As a result, because Kargbo was not seized within the meaning of the Fourth Amendment, his Section 1983 claim for false arrest must be dismissed.

## CONCLUSION

Furno's motion for judgment on the pleadings is granted and the complaint is dismissed.

**SO ORDERED.**

Brooklyn, New York
August 5, 2016

*Edward R. Korman*
Edward R. Korman
United States District Judge

3